**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | Case No. 2:22-CR-0002-JRG-RSP |
| | § | |
| BRADLEY KYLE MCGEE | § | |

## SCHEDULING ORDER

I.    TRIAL SETTING

This case is set for **pretrial conference** on **September 18, 2023 at 9:00 a.m. in Marshall, Texas,** before U. S. District Judge J. Rodney Gilstrap and **jury selection** on **September 25, 2023 at 9:00 a.m., in Marshall, Texas,** before United States District Judge J. Rodney Gilstrap.

II.    PRETRIAL DISCOVERY AND INSPECTION

A.    Within five (5) days after the arraignment, or date of receipt of this order by the defendant, whichever occurs first, the United States Attorney or Assistant United States Attorney prosecuting the case (hereinafter collectively "United States Attorney") and the defendant's attorney shall confer; whereupon, the Government shall:

(1)    Permit defendant's attorney to inspect and copy or photograph any relevant written or recorded statements or confessions made by the defendant, or copies thereof within the possession, custody or control of the Government, the existence of which in known, or by the exercise of due diligence may become known, to the attorney for the Government;

(2)    Permit defendant's attorney to inspect and copy or photograph that portion of any written record containing the substance of any relevant oral statement made by the defendant whether before or after arrest in response to interrogation by any person then known to the defendant to be a government agent;

(3)   Permit defendant's attorney to inspect and copy or photograph any recorded testimony of the defendant before a grand jury which relates to the offense charged;

(4)   Disclose, to defendant's attorney the substance of any other relevant oral statement made by the defendant whether before or after arrest in response to interrogation by any person then known by the defendant to be a government agent if the government intends to use that statement at trial;

(5)   Provide to the defendant any copy of the defendant's prior criminal record, if any, as is within the custody or control of the government, the existence of which is known, or by the exercise of due diligence may become known, to the attorney for the government, including the Federal Bureau of Investigation Identification Sheet;

(6)   Permit defendant's attorney to inspect and copy or photograph books, papers documents, photographs, tangible objects, buildings or places, or copies or portions thereof, which are within the possession, custody or control of the government, and which are material to the preparation of the defendant's defense or are intended for use by the Government as evidence in chief at the trial, or were obtained from or belong to the defendant;

(7)   Permit defendant's attorney to inspect and copy or photograph any relevant results or reports of physical or mental examinations, and of scientific tests or experiments made in connection with the case, or copies thereof, within the possession, custody or control of the government the existence of which is known, or by the exercise of due diligence may become known to the attorney for the government, and which are material to the preparation of the defense or are intended for use by the government as evidence in chief at the trial;

(8)   Permit defendant's attorney to inspect, copy or photograph any evidence within the ambit of *Brady v. Maryland,* 373 U.S. 83, 83 S. Ct. 1194 (1963) (evidence which might tend to exculpate defendant, mitigate punishment, or impeach testimony which may be determinative of defendant's guilt or innocence);

(9)   Disclose to defendant's attorney evidence of the defendant's other crimes, wrongs, or acts which -- although inadmissible to prove the defendant's bad character -- the government believes to be admissible under Rule 404(b) for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake or accident, concerning the instant charge;

(10)   Disclose to defendant's attorney a written summary of testimony the government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence, during its case in chief at trial, including witness opinions, bases and reasons therefor, and the witnesses' qualifications; and

(11)   The government shall provide each defendant with all material required by *Giglio v. United States*, 405 U.S. 150, 92 S. Ct. 763 (1972) (evidence of agreements or promises made by the government to a witness), by not later than immediately prior to the testimony of the witness to whom such material relates.

B.   If, in the judgment of the United States Attorney, it would not be in the interests of justice to make one or more disclosures set forth in paragraph "A" and requested by defendant's counsel, the declination shall be in writing, directed to defendant's counsel, and signed personally by the United States Attorney, and shall specify the types of disclosures that are declined.   If the defendant seeks to challenge the declination, defendant shall proceed pursuant to paragraph "C" below.

C.  If additional discovery or inspection is sought, defendant's attorney shall confer with the appropriate United States Attorney within ten (10) days of the arraignment or date of receipt of this order by the defendant, whichever occurs first, with a view to satisfying these requests in a cooperative atmosphere without recourse to the court.   The request may be oral or written and the United States Attorney shall respond in a like manner.

D.   In the event defendant thereafter moves for additional discovery or inspection, defendant's motion shall be filed within twenty (20) days after the arraignment, or date of receipt of this order by the defendant, whichever occurs first.   It shall contain:

(1)  the statement that the prescribed conference was held;

(2)  the date of said conference;

(3)  the name of the United States Attorney with whom conference was held; and

(4)  the statement that agreement could not be reached concerning the discovery or inspection that is the subject of defendant's motion.

The court cautions counsel that filing unnecessary motions may result in imposition of sanctions.   Counsel are to present by motion only genuine issues actually in dispute which counsel are unable to resolve in conference.

E.  Upon the Government's compliance with the provisions of paragraph "A" of this Order, the defendant shall permit the Government to inspect and copy or photograph:

(1)  Books, papers, documents, photographs, tangible objects, or copies or portions thereof, which are within the possession, custody, or control of the defendant and which the defendant intends to introduce as evidence in chief at the trial; and

(2)  Any results or reports of physical or mental examinations and of scientific tests or experiments made in connection with the particular case, or copies thereof, within the possession

4

or control of the defendant, which the defendant intends to introduce as evidence in chief at the trial or which were prepared by a witness whom the defendant intends to call at trial when the results or reports relate to that witness' testimony.

      F.  Any duty of disclosure and discovery set forth in this order is a continuing one.  Any disclosure granted by the government, pursuant to this order, of material within the purview of FED. R. CRIM. P. 16(a)(2) and FED. R. EVID. 404(b) shall be considered as information requested by the defendant and granted by the court.

## III.  OTHER DEFENSES, OBJECTIONS AND REQUESTS

      Pursuant to FED. R. CRIM. P. 12(c), the Court requires that any defense, objection or request capable of determination without trial of the general issue[1] shall be raised by written motion filed within twenty-one (21) days from the date of this Order.  The government shall respond within seven (7) days after being served.

## IV.  PLEA AGREEMENT

      Pursuant to FED. R. CRIM. P. 11(c)(5) and the holding of the Fifth Circuit Court of Appeals in *United States of America v. Ellis*, 547 F.2d 863 (5th Cir. 1977), the deadline for notifying the Court of any plea bargain or plea agreement entered into by the parties in this cause is **September 8, 2023 by 12:00 p.m.**  No plea bargain or plea agreement entered into after that date shall be honored by this Court without good cause shown for the delay.

---

[1]    Those matters include those listed in FED. R. CRIM. P. 12(b), *viz*, (1) defects in the institution of the prosecution (2) defects in the indictment (3) suppression of evidence, and (4) severance under FED. R. CRIM. P. 14.  Also included, without limitation, are (5) selective or vindictive prosecution (6) outrageous governmental misconduct (7) misjoinder (8) pre-indictment delay (9) speedy trial (10) prejudicial publicity (11) lack of personal jurisdiction (12) Posse Comitatus Act [18 U.S.C. 1385] (13) recantation as a defense to perjury (14) limitations (15) double jeopardy (16) multiple sentencing and (17) immunity.

V.  COMPLIANCE

Failure to provide discovery and observe deadlines established in this order may result in imposition of sanctions.   Failure to raise defenses or objections, or to make requests in accordance with Sections II and III shall constitute waiver thereof, but the court for cause shown may grant relief from the waiver.

**SIGNED this 1st day of August, 2023.**

ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE