# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CASE NO. 2:22-CR-00002-JRG-RSP-1 |
| | § | |
| BRADLEY KYLE MCGEE | § | |

## MEMORANDUM OPINION & ORDER

Pending before the Court is Defendant Bradley Kyle McGee's ("McGee" or "Defendant") Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A) (the "Motion"). (Dkt. No. 41.) Having considered the Motion, the record, and the applicable law, the Court finds that the Motion should be and hereby is **DENIED**.

### I. BACKGROUND

After pleading guilty, McGee was sentenced to 46 months of imprisonment for one count of Felon in Possession of a Firearm in violation of 18 U.S.C. § 922(g)(1). (Dkt. No. 37 at 1.) On February 21, 2025, McGee mailed the Court his Motion for Compassionate Release, claiming that his conviction and continued incarceration are unconstitutional and that he meets the criteria for "extraordinary and compelling circumstances" justifying an "immediate release." (Dkt. No. 41 at 2.)

### II. LEGAL STANDARDS

A judgment of conviction imposing a sentence of imprisonment "constitutes a final judgment and may not be modified by a district court except in limited circumstances." *Dillon v. United States*, 560 U.S. 817, 824 (2010) (quoting 18 U.S.C. § 3582(b)); *see* 18 U.S.C. § 3582(c)). One such circumstance arises from 18 U.S.C. § 3582(c)(1)(A), the statute authorizing compassionate release.

The First Step Act of 2018 instituted the first major changes to compassionate release since its authorization in 1984. Pub. L. 115-391, 132 Stat. 5194. The Act, in part, amended section 3582(c), which gives the court discretion—in certain circumstances—to reduce a defendant's term of imprisonment:

> (A) the court, upon motion of the Director of the Bureau of Prisons ("BOP"), or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> > (i) extraordinary and compelling reasons warrant such a reduction; or
> >
> > (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the [BOP] that the defendant is not a danger to the safety of any person or the community, as provided under section 3142(g);
>
> and that such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission . . . .

18 U.S.C. § 3582(c)(1)(A). This provision is commonly referred to as "compassionate release."

### III.   DISCUSSION

McGee has failed to exhaust his administrative remedies, which precludes compassionate release. The plain language of the statute makes clear that the court may not grant a defendant's motion for compassionate release *unless* the defendant has complied with the administrative exhaustion requirement. 18 U.S.C. § 3582(c)(1)(A) (emphasis added).

To file a proper motion for compassionate release, the defendant must have previously exhausted all of his administrative rights within the Bureau of Prisons before filing such a motion. *United States v. Garrett*, 15 F.4th 335, 337 (5th Cir. 2021). The district court has no discretion or

authority to waive the exhaustion requirement—it is mandatory rather than jurisdictional. *United States v. Franco*, 973 F.3d 465, 467 (5th Cir. 2020) (holding that the statutory requirement that a defendant file a request with the BOP before filing a motion for compassionate release is not jurisdictional but mandatory).

Before filing a motion for compassionate release in federal court, a defendant must first submit a request to the warden of his facility to move for compassionate release on his behalf and then either exhaust his administrative remedies or wait for the lapse of thirty days after the warden received the request. 18 U.S.C. § 3582(c)(1)(A). Here, McGee has not demonstrated that he submitted a request to the warden. Thus, he failed to exhaust the available administrative avenues. As a result, this Court cannot grant his motion. *See United States v. Soliz*, 2020 WL 2500127, at *3 (S.D. Tex. May 14, 2020) ("§ 3582(c)(1)(A) does not provide this Court with the equitable authority to excuse [defendant's] failure to exhaust his administrative remedies or to waive the 30-day waiting period.") (internal citations omitted).

## IV.   CONCLUSION

After considering the Motion, the record, and the applicable law, the Court finds that the Motion should be and hereby is **DENIED**.

**So ORDERED and SIGNED this 4th day of September, 2025.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE